IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>CHRISTOPHER NOAH MOLLNER,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO EXTEND TIME FOR APPEAL<br><br><br><br>Case No. 2:08-CR-156 TS |

Defendant Christopher Mollner moves for an extension of time to file his appeal for excusable neglect because his counsel filed a notice of appeal in a timely manner, but filed it in the wrong case. The government has no objection.

> A criminal defendant has 10 days from entry of the judgment to file a notice of appeal. However, upon a finding of good cause or excusable neglect, the district court may extend the time to file a notice of appeal for a period not to exceed 30 days from the initial 10-day deadline. [A defendant] has the burden of establishing either good cause or excusable neglect.[1]
>
> To determine whether excusable neglect exists, the court must examine (1) the danger of prejudice to the nonmoving party, (2) the length of the delay

---

[1] *United States v. Cortez-Perez*, 317 Fed. Appx. 829, 831 (10th Cir. 2009) (unpublished case citing Fed.R.App. P. 4(b)(1)(A)(i); 4(b)(4)).

1

and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. These factors are not to be given equal weight; the third factor, fault in the delay, is "perhaps the most important single factor in determining whether neglect is excusable."[2]

The Court finds that all four factors weigh in favor of finding excusable neglect. The length of the delay was short, the present motion being filed less than one week following the expiration of the appeal period set forth in Fed.R.App.P. 4(b)(1)(A)(i). This very short delay will likely have little or no impact on the proceedings. Because the delay was so short, there is no danger of any significant prejudice to the government. The movant has acted in good faith because counsel did file a timely notice of appeal, albeit in the wrong case. As discussed above, the most important factor is fault in the delay. Apparently, a mistake was made in the case number for filing the notice of appeal because Defendant was sentenced in two separate cases on the same morning. Counsel represented Defendant in both cases. Counsel does not have a history of carelessness in such matters and the Court finds that, on the facts of this case, the neglect was excusable. It is therefore

---

[2]*Id*. at 831-32 (quoting *United States v. Torres*, 372 F.3d 1159, 1162-63 (10th Cir. 2004)).

ORDERED that Defendant Christopher Mollner's Motion for Extension of Time to File an Appeal (Docket No. 88) is GRANTED and the time is extended to August 17, 2009.

DATED   August 10, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge